| | | |
|---|---|---|
| **URBAN SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **SAXON MORTGAGE SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

     **THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss Plaintiff's Complaint"(Document No. 5). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## BACKGROUND

     *Pro se* Plaintiff Urban Smith ("Plaintiff") filed the underlying "Complaint" (Document No. 1-4) in this action on January 31, 2011, in the Superior Court of Mecklenburg County, North Carolina. Plaintiff's Complaint includes an allegation of "multiple violations of the Fair Credit Reporting Act" by Defendant Saxon Mortgage Services ("Defendant"), and seeks "damages of $1 Million Dollars plus costs and fees." (Document No. 1-4).

     On March 4, 2011, Defendant filed its "Notice Of Removal" (Document No. 1) to this Court. Defendant then filed its now pending "Motion To Dismiss..." on April 11, 2011. Defendant asserts that Plaintiff's claims fail as a matter of law and moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

     Also on April 11, 2011, the undersigned issued an "Order" (Document No. 7) *sua sponte*,

advising Plaintiff of his rights pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and further warning Plaintiff that failure to file a timely and persuasive response to the motion to dismiss by April 28, 2011, would likely lead to the dismissal of this lawsuit. To date, Plaintiff has failed to file any response to the pending motion.

## DISCUSSION

Based on the circumstances of this case, the undersigned finds that Plaintiff's action should be dismissed for failure to respond to the pending motion to dismiss and/or to otherwise prosecute this lawsuit. In the alternative, Defendant has presented a persuasive argument that Plaintiff has failed to state a claim under the Fair Credit Reporting Act, essentially stating that Plaintiff does not have a private cause of action against this Defendant on these claims. It appears that dismissal is therefore appropriate pursuant to Fed.R.Civ.P. 41(b) and/or Fed.R.Civ.P. 12(b)(6).

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion To Dismiss Plaintiff's Complaint"(Document No. 5) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Page</u>

v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendant, and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: May 6, 2011

David C. Keesler
United States Magistrate Judge